UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

2014 APR -8 P 12: 31

DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| BROWN UNIVERSITY IN PROVIDENCE ) | |
| IN THE STATE OF RHODE ISLAND ) | |
| AND PROVIDENCE PLANTATIONS, and ) | |
| BROWN UNIVERSITY ) | **CA 14 - 178** ML |
| RESEARCH FOUNDATION, ) | |
| Plaintiffs, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | Jury Trial Requested |
| HARRINGTON & SMITH, LLP, ) | |
| Defendant. ) | |

## COMPLAINT

Brown University in Providence in the State of Rhode Island and Providence Plantations

and its affiliate Brown University Research Foundation (together Brown University) bring this action

to recover damages from Harrington & Smith arising from its malpractice in representing Brown

University concerning U.S. Patent No. 6,930,479 (the '479 patent). Specifically, Brown University

engaged Harrington & Smith to acquire and maintain a number of its patents, including this one,

and Harrington & Smith permitted the '479 patent to expire. Permitting this expiration was a breach

of the duty of care and fiduciary duty that Harrington & Smith owed Brown University, as well as a

breach of contract, and caused Brown University damage. This is an action to recover for that

damage.

## Parties

1.      Plaintiff Brown University in the State of Rhode Island and Providence Plantations is

a domestic non-profit corporation organized under the laws of the State of Rhode Island, with a

principal place of business in Providence, Rhode Island.

2.     Plaintiff Brown University Research Foundation is an affiliate of Brown University
in Providence in the State of Rhode Island and Providence Plantations and is a domestic non-profit
corporation organized under the laws of the State of Rhode Island, with a principal place of business
in Providence, Rhode Island.

3.     Defendant Harrington & Smith, LLP a/k/a Harrington & Smith, P.C. a/k/a
Harrington & Smith, Attorneys at Law, LLC is a limited liability partnership formed under the laws
of the State of Connecticut with its principal place of business in Shelton, CT. On information and
belief, each of the partners of Harrington & Smith reside in Connecticut, and in any event, none
reside in Rhode Island.

## Jurisdiction & Venue

4.     The plaintiffs are citizens of Rhode Island. The defendant is a citizen of Connecticut.
Because the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs,
and is between citizens of different states, this Court has jurisdiction under 28 U.S.C. § 1332.

5.     Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b)(2) because a
substantial part of the events giving rise to the claim occurred here and a substantial part of property
that is the subject of this action is situated here.

6.     Harrington & Smith is subject to personal jurisdiction in this district in part, because
of its representation of Brown University in this district.

## Facts Common to All Claims

7.     Brown University Research Foundation owns many patents invented by the faculty
and staff of Brown University in Providence in the State of Rhode Island and Providence
Plantations.

2

8.      Brown University Research Foundation handles patents and licensing agreements for development of products based on the research at Brown University in Providence in the State of Rhode Island and Providence Plantations.

9.      Harrington & Smith is a law firm that, in addition to other work, prosecutes patents on behalf of institutional clients such as Brown University.

10.     Beginning in or before 2003, Harrington & Smith prosecuted patents on behalf of Brown University.

11.     Harrington & Smith prosecuted the '479 patent, and other patents, for Brown University.

12.     The '479 patent issued on August 16, 2005.

13.     To maintain the '479 patent, a maintenance payment was due to the United States Patent and Trademark Office (USPTO) between August 16, 2008 and February 16, 2009.

14.     This maintenance payment was mandated by 35 U.S.C. § 41(b)(1)(A) and 37 C.F.R. § 1.362.

15.     If the USPTO did not receive payment within six months following the due date, the patent would expire. 35 U.S.C. § 41(b)(2).

16.     For the '479 patent, this six-month grace period ended on August 16, 2009.

17.     If the patent expired, the USPTO could accept a payment within two years following the six-month grace period "if the delay is shown to the satisfaction of the Director to have been unintentional." 35 U.S.C. § 41(c)(1).

18.     This is a relatively easy standard to satisfy that generally requires only the payment of the fee with a surcharge and "a statement that the delay in payment of the maintenance fee was unintentional." 37 C.F.R. § 1.378(c).

19.     For the '479 patent, this two-year period for reinstatement due to an unintentional failure to pay a maintenance fee expired on August 16, 2011.

20.     If the maintenance fee was not paid during this two-year period, it could be revived only upon the much harder standard showing that the delay was unavoidable. 35 U.S.C. § 41(c)(1).

21.     As part of its representation of Brown University, at the time of its grant, Harrington & Smith was the attorney of record listed for correspondence concerning the '479 patent.

22.     In 2007, Brown University hired Luann Cserr as its in-house patent counsel. At that time, Harrington & Smith changed the correspondence address for the '479 patent so that correspondence went to Cserr, and not to Harrington & Smith or to Brown University.

23.     Brown University terminated Ms. Cserr's employment on or about March 31, 2009.

24.     At this time, no maintenance payment had been made on the '479 patent.

25.     Upon Ms. Cserr's termination, Brown University sought to reassign the obligation for timely payment of maintenance fees to the various attorneys who had prosecuted its patents by reengaging these attorneys. In cases where the outside attorneys were already representing Brown University on other patent matters, they were notified of the obligation. This included Harrington & Smith.

26.     The Brown University employee responsible for this task was Michelle Sullivan, an "Intellectual Property Paralegal" who had worked with Ms. Cserr.

27.     Between June 17, 2009 and August 26, 2009, Ms. Sullivan emailed with Harrington & Smith to request that it would assume responsibility for the patents it had prosecuted on Brown University's behalf. **Exhibit 1 – Email Correspondence**.

28.     In these emails, on July 27, 2009, Ms. Sullivan specifically requested that Harrington & Smith "should maintain the relevant docket reminders and keep us apprised of any post issuance or filing matters as appropriate." This was communicated to Christine Beninati, a Harrington &

4.

Smith attorney, who forwarded the email to Harrington & Smith partner Mark Harrington with her understanding that the request applied to its issued patents.

29.     Gail Conway of Harrington & Smith inquired on August 2, 2009, whether this was for "all of Brown University issued US Patents" or only a subset.

30.     On August 3, 2009, Ms. Sullivan responded that "the below instructions are to be followed for all of Brown's patents. This may change, but right now we are short staffed and want to make sure that we are on top of everything."

31.     After a number of additional emails concerning various details, on August 26, 2009, Harrington & Smith emailed that "[w]e will coordinate with our annuity payment company and notify Brown when US Maintenance Fees are coming due for any US Patents that we handle."

32.     Prior to August 16, 2009, Harrington & Smith never advised or reminded Brown University to make the maintenance payment for the '479 patent.

33.     Had Harrington & Smith advised Brown University to make the maintenance payment for the '479 patent before August 16, 2009, Brown University would have made the payment and the '479 patent would not have expired.

34.     On August 31, 2009, Brown University hired Katherine Gordon as the head of its Technology Ventures Office, which functioned to enhance commercialization and development of intellectual properties for Brown University.

35.     On October 5, 2009, Ms. Gordon requested a docket listing all Brown University patents on which Harrington & Smith's worked. **Exhibit 2 – Email Correspondence**.

36.     With that email, Ms. Gordon sent a draft set of guidelines for law firms doing patent work for Brown University. **Exhibit 3 – Draft Guidelines**.

37.     Those guidelines specifically required law firms such as Harrington & Smith to attend to maintenance fee payments.

5

38. It is the custom and practice of reasonably prudent patent attorneys to maintain a "docket" listing all matters they are working on, or have worked on, to keep track of deadlines such as maintenance payments. This custom and practice includes reminding patent owners and inventors of maintenance fee payment deadlines throughout the life of the patent and confirming the client's continued intention to maintain the patent in force.

39. In response to Ms. Gordon's email, Lynn Caraglior, an employee of Harrington & Smith, sent Ms. Gordon its docket report for Brown University's patents.

40. Included on Harrington & Smith's docket was a page identifying the '479 patent.

**Exhibit 4 – Excerpt from Harrington & Smith Docket.**

41. That page, dated October 5, 2009, stated that the '479 patent had been granted and that it was set to expire at the end of its normal term on March 7, 2023. That page did not state that the patent was set to expire (or that it had expired) on August 16, 2009, or that the two-year period in which to reinstate an expired patent for an unintentional failure to pay a maintenance fee would expire on August 16, 2011.

42. As the prosecutor of the '479 patent, Harrington & Smith should have satisfied the duty and care of a reasonably prudent patent attorney and should have reminded Brown University of an upcoming maintenance fee payment deadline, and then failing payment, of the expiration of the '479 patent.

43. Harrington & Smith failed to properly docket the deadlines for the '479 patent.

44. Prior to August 16, 2011, Harrington & Smith never advised Brown University to apply for reinstatement based on an unintentional failure to make maintenance payments for the '479 patent.

45.     Had Harrington & Smith advised Brown University to apply for reinstatement of the
'479 patent based on an unintentional failure to make maintenance payments prior to August 16,
2011, Brown University would have done so and the '479 patent would have been reinstated.

46.     In September 2011, in connection with an audit of a Brown University license
agreement, Ms. Sullivan learned that the '479 patent had gone abandoned due to nonpayment of
maintenance fees.

47.     As of September 2011, the attorney/agent information for the '479 patent was
Gerald Stanton of Harrington & Smith, but the correspondence address was Ms. Cserr's address.

48.     In February 2012, on Brown University's behalf, Harrington & Smith, submitted a
Petition under 37 C.F.R. § 1.378(B) to Accept an Unavoidably Delayed Payment of a Maintenance
Fee.

49.     This petition, filed by Harrington & Smith, was inadequate and was not written or
submitted with the level of care of a reasonably prudent patent attorney.

50.     The USPTO denied this petition in March 2012.

51.     In April 2012, Brown University terminated Harrington & Smith's representation of
it regarding the '479 patent and engaged the undersigned law firm Lawson & Weitzen, LLP to
attempt to reinstate the patent.

52.     Lawson & Weitzen is continuing to attempt to reinstate the '479 patent and has filed
a Request for Reconsideration of Petition as well as a new petition. To date, the request is still
pending.

53.     The '479 patent contains claims directed to technology that constituted a part of a
magnetic microscope.

54.     Brown University licensed the patent to a Delaware company with its principal
offices in Fall River, Massachusetts.

55.     As a result of the '479 patent's expiration, and due to the length of time that the

patent sat expired, Brown University entered into a settlement agreement with the licensee whereby

it forgave already owed license payments, waived certain future license payments, and agreed to

make a damages payment to the licensee. These damages exceed $75,000.

### Claim I – Negligence

56.     Harrington & Smith was Brown University's attorney, and as such the parties had an

attorney-client relationship giving rise to a duty owed by Harrington & Smith to Brown University.

57.     Harrington & Smith was obligated to exercise the standard of care of reasonably

prudent patent attorneys in its dealing with Brown University both immediately before and after the

expiration of the grace period for the '479 patent and during the entire two-year period following the

expiration of the '479 patent.

58.     A reasonably prudent patent attorney tasked with advising on "any post issuance or

filing matters" would have notified Brown University of immediate or impending deadlines and

would have advised Brown University to pay the maintenance payment for the '479 patent before it

expired.

59.     Likewise, a reasonably prudent patent attorney would have advised Brown University

to reinstate the patent within the two-year period following its expiration due to unintentionally

failing to pay the maintenance fee.

60.     Harrington & Smith took neither of these steps, and as such failed to act as a

reasonably prudent patent attorney, breaching its duty of care.

61.     Had Harrington & Smith acted prudently and advised Brown University to make a

timely maintenance payment or to apply for reinstatement of the patent within the two-year period

following its expiration, Brown University would have done so and the '479 patent either would not

have expired or would have been reinstated.

8

62.     As an actual and proximate result of Harrington & Smith's failure, Brown University suffered damages.

63.     These damages include, but are not limited to, the losses incurred to the licensee as well as the attorneys' fees expended in Brown University's attempts to reinstate the patent.

### Claim II – Breach of Fiduciary Duty

64.     As attorneys for Brown University, Harrington & Smith owed Brown University a fiduciary duty.

65.     Harrington & Smith's activity and lack of care concerning the '479 patent breached that fiduciary duty.

66.     Harrington & Smith also violated the United State Patent and Trademark Office Rules of Professional Conduct.

67.     Had Harrington & Smith satisfied its fiduciary duty, it would have advised Brown University to make the maintenance payments for the '479 patent and/or to reinstate the patent based on the unintentional failure to make maintenance payments.

68.     Had Harrington & Smith made these recommendations, Brown University would have complied and the '479 patent either would not have expired or would have been reinstated.

69.     As an actual and proximate result of Harrington & Smith's failure, Brown University suffered damages.

70.     These damages include, but are not limited to, the losses incurred to the licensee as well as the attorneys' fees expended in Brown University's attempts to reinstate the patent.

### Claim III – Breach of Contract

71.     Brown University and Harrington & Smith had a valid contract supported by mutual consideration under which Harrington & Smith was to act as Brown University's attorney-in-law regarding the prosecution of, *inter alia*, the '479 patent.

9

72.    Brown University and Harrington & Smith also had a valid contract supported by mutual consideration under which Harrington & Smith was to advise on "any post issuance or filing matters" involving, *inter alia*, the '479 patent.

73.    Harrington & Smith breached these contracts by failing to advise Brown University concerning the expiration of the '479 patent and by failing to advise Brown University to reinstate the '479 patent based on the unintentional failure to make maintenance payments.

74.    As a result of Harrington & Smith's breach of contract, Brown University suffered damage, which includes, but is not limited to, the losses incurred to the licensee as well as the attorneys' fees expended in Brown University's attempts to reinstate the patent.

### Demand for Relief

Brown University in Providence in the State of Rhode Island and Providence Plantations AND Brown University Research Foundation demands relief as follows:

1.    Judgment against Harrington & Smith, LLP for damages suffered by Brown University Research Foundation and Brown University in Providence in the State of Rhode Island and Providence Plantations;

2.    That this Court award Brown University costs as well as pre- and post-judgment interest; and

3.    That this Court award Brown University all other relief as is deemed just and equitable.

BROWN UNIVERSITY IN PROVIDENCE
IN THE STATE OF RHODE ISLAND
AND PROVIDENCE PLANTATIONS and
BROWN UNIVERSITY
RESEARCH FOUNDATION

By their attorneys,

*James M. Green*

James M. Green (# 3590)
    jmgreen@brown.edu
BROWN UNIVERSITY
Office of the General Counsel
110 South Main Street
Providence, RI 02912-1913
(401) 863-9977
(401) 863-1120 (fax)

J. Mark Dickison (Pro Hac Vice Pending)
    mdickison@lawson-weitzen.com
Joshua M. D. Segal (Pro Hac Vice Pending)
    jsegal@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave., Ste. 345
Boston, MA 02210
(617) 439-4990
(617) 439-3987 (fax)

11